**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION**

**KELVIN CARTWRIGHT,**

     **Plaintiff,**

**v.**                                **Case No. 1:25-cv-375-AW-MAF**

**CITY OF GAINESVILLE, et al.,**

     **Defendants.**

_____/

## ORDER OF DISMISSAL

Kelvin Cartwright, a pro se Plaintiff, filed this action against the City of Gainesville, Alachua County, and unnamed "Law Enforcement Officers, Investigators, and Supervisory Officials." ECF No. 5. He paid the filing fee. The operative complaint is the First Amended. *Id*.

The magistrate judge recommends sua sponte dismissal. ECF No. 7. Plaintiff has filed objections, ECF Nos. 11, 12, and I have considered the matter de novo.

A district court may sua sponte dismiss a case as frivolous after giving Plaintiff notice and an opportunity to respond. *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1248 (11th Cir. 2015). Cartwright has had an opportunity to respond.

A case is frivolous if "it is without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001). The claims here indisputably lack merit for several reasons. First, as the magistrate judge explains, the claims are not timely. The statute of limitation for a § 1983 claim turns on the forum state and, for

1

these claims, the limitations period is four years. *Van Poyck v. McCollum*, 646 F.3d 865, 867 (11th Cir. 2011). Here, Cartwright sues over misconduct he alleges happened in the early nineties. He says in his objections that Defendants' violations "may involve continuing misconduct or delayed discovery of the injury," ECF No. 11 at 3, but he does not show how. And his objections reveal neither contention has merit. He knew of his injury, at the latest, by 1996, when the state court entered its judgment absolving Cartwright of paternity and support obligations. ECF No. 12 at 7. Plus, as to continuing violations, he points to the continuing "*consequences* of the constitutional violations." *Id.* at 11 (emphasis added). But there is a difference between "the present consequence of a one time violation, which does not extend the limitations period," and the "continuation of that violation into the present, which does." *Lovett v. Ray*, 327 F.3d 1181, 1183 (11th Cir. 2003). Cartwright may have the former, but he does not show the latter. Since the claims are clearly time-barred, they are frivolous and may be dismissed on that basis. *Clark v. State of Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 640 n.2 (11th Cir. 1990) ("The expiration of the statute of limitations is an affirmative defense the existence of which warrants a dismissal as frivolous.").

Second, Cartwright's claims against unnamed persons cannot succeed. Fictitious-party pleading is generally not permitted unless a plaintiff can plead facts "so specific" as to render the fictitious name "surplusage." *Richardson v. Johnson*,

598 F.3d 734, 738 (11th Cir. 2010) (quoting *Dean v. Barber*, 951 F.2d 1210, 1215-16 (11th Cir. 1992)). Here, the facts need to be detailed enough to identify a particular defendant among the City's many employees. *Id.* But Cartwright offers no facts sufficient to identify any law enforcement officer, investigator, or supervisory official, so the claims against them must be dismissed. *Id.*

Third, the remaining Defendants are the City and the County, but Cartwright alleges no facts that could support *Monell* claims against them. "Section 1983 doesn't authorize vicarious liability against a municipality." *Smothers v. Childers*, 159 F.4th 922, 930 (11th Cir. 2025). So to maintain a claim against the City or County, Cartwright must identify a government policy, custom, or official municipal act that caused his injury. *Id.* (citing *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978)). In addition to that, he must plausibly allege the City or County acted "with the requisite degree of culpability." *Id.* at 931. But Cartwright does none of those things. He summarily says the City and County "maintained policies, customs, and practices exhibiting deliberate indifference," ECF No. 5 at 6, but alleges no facts identifying any such policy, custom, or practice, much less that it caused his injury or reflected the requisite degree of culpability.

Cartwright's objections are overruled, and I now adopt the report and recommendation and incorporate it into this order. The clerk will enter a judgment

3

that says, "Plaintiff's claims are dismissed without prejudice as frivolous." The clerk will then close the file.

SO ORDERED on June 18, 2026.

s/ *Allen Winsor*
Chief United States District Judge

4